UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE KATZ, M.D., P.C., *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

TOTAL MOBILE ULTRASOUND, INC.,

Defendant.

**OPINION AND ORDER**

22 Civ. 7342 (ER)

Ramos, D.J.:

Bruce Katz M.D., P.C., brought this putative class action on August 29, 2022, alleging that Total Mobile Ultrasound, Inc. ("Total Mobile") sent him and others unsolicited advertisements in violation of the Telephone Consumer Protection Act (the "TCPA").  Doc. 1. Before the Court is Katz's motion for leave to take discovery from Total Mobile and unspecified third parties in order to identify members of a proposed class and calculate class-wide damages. Doc. 16 at 1.  For the reasons set forth below, the motion is DENIED.

## I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY[1]

Bruce Katz, M.D., P.C. is a New York corporation located in this District.  ¶ 6.  Total Mobile Ultrasound is a New Jersey-based mobile testing diagnostic company that markets its services through facsimile advertisements.  ¶¶ 7, 13–14.

Katz alleges that on June 15, 2022, he received an unsolicited advertisement letter (the "Advertisement") from Total Mobile Ultrasound through his fax machine.  ¶¶ 17–18, 22.  Katz

---

[1] Unless otherwise noted, citations to "¶ __" refer to the complaint, Doc. 1.

alleges that the Advertisement harmed him by, *inter alia*, invading his privacy and causing him annoyance.  ¶ 23.

Katz filed this case as a putative class action pursuant to Federal Rule of Civil Procedure 23 on August 29, 2022, asserting that Total Mobile violated the TCPA, 47 U.S.C. § 227(b)(1)(C), by faxing him, and others, advertisements without their permission.  Doc. 1.  The complaint defines the class (the "Proposed Class") as follows:

> All persons and entities to whom:  (a) Total Mobile [] and/or a third party acting on [Total Mobile]'s behalf sent one or more faxes (b) for the purposes of obtaining contact information in order to send marketing materials to them (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

¶ 26.

Katz served Total Mobile on September 13, 2022.  Doc. 8.  To date, Total Mobile has neither answered nor appeared.   On December 6, 2022, Katz filed a proposed clerk's certificate of default judgment as to Total Mobile, Doc. 12, along with an affidavit of Anthony Paronich, counsel for Katz, in support of the entry of default judgment, Doc. 14.  That same day, the Clerk of Court entered the proposed certificate of default.  Doc. 15.  Katz has not, however, moved for default judgment pursuant to the Default Judgment Procedure of the Individual Practices of this Court.[2]

On December 8, 2022, Katz—in advance of moving for class certification against Total Mobile—filed a motion for leave to take discovery from Total Mobile "and any [involved] third parties."  Doc. 16 at 1–2.  In particular, Katz seeks to (1) ascertain the members of the Proposed Class, and (2) determine the amount of damages to which each class member is entitled.  *See* Doc. 16 at 2 (arguing that "discovery is needed to identify recipients of [Total Mobile's fax-

---

[2] *Available at*:  https://nysd.uscourts.gov/sites/default/files/practice_documents/ER Individual Pracetices updated 2-13-19.pdf.

advertisements], and to determine the total number of calls each [Proposed] Class member received so that statutory damages of $500 per violation can be determined on a [c]lass[-]wide and per [c]lass member basis").

## II.   DISCUSSION

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  When a party seeks to certify a class under Rule 23, "a district judge has ample discretion to circumscribe . . . the extent of discovery concerning Rule 23 requirements."  *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).  While "[p]re-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate" considering the requirements set out in Rule 23, *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007), the defendant must, however, "be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas."  *Id.* (internal quotation marks and citations omitted); *see Beaton v. Verizon New York, Inc.*, No. 20 Civ. 672 (BMC), 2020 WL 6449235, at *2 (E.D.N.Y. Nov. 3, 2020).

Under this framework, courts in this District have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."  *Hernandez v. NHR Human Resources, LLC*, 20 Civ. 3109 (PGG) (DF), 2021 WL 2535534, at *19 (S.D.N.Y. June 18, 2021) (marks omitted) (quoting

*Dziennik v. Sealift, Inc.*, No. 05 Civ 4659 (DLI) (MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (collecting cases)); *see also Beaton*, 2020 WL 6449235, at *3 (E.D.N.Y. Nov. 3, 2020).

Here, Katz seeks leave from the Court to attain discovery from Total Mobile—who has not appeared—and "involved" third parties, in order to discern the identity of members of the Proposed Class and calculate damages on a class-wide basis.  Katz does not, however, argue that such information is necessary for him to move for class certification, pursuant to Rule 23.  *See generally* Doc. 16.  Nor does Katz cite any instance in which a court has permitted a plaintiff to pursue discovery against a defendant who has not appeared or answered for purposes of calculating damages on a class-wide basis *before* the proposed class has been certified.[3]  *Id.*  As noted, courts in this Circuit "have proved very cautious about compelling disclosure of the identities . . . of putative class members at the pre-certification stage.'"  *Beaton*, 2020 WL 6449235, at *3 (quoting *Charles v. Nationwide Mut. Ins. Co.*, No. 09 Civ. 94, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010)).  Accordingly, Katz's motion is denied.

## III.   CONCLUSION

For the foregoing reasons, Katz's motion is denied.  Katz is directed to move for default judgment against Total Mobile as to his individual claims, in accordance with the Individual

---

[3] The two cases relied upon by Katz are inapposite.  Katz cites *Amadi v. Ace Homecare, LLC*, for the proposition that "[a] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact[.]"  No. 17 Civ. 2191, 2019 WL 1392453, at *1 (M.D. Fla. Mar. 28, 2019).  The court's opinion in *Amadi*, however, did not address the relevant question before this Court:  the permissible scope of pre-certification, class-wide discovery against a defendant who has not appeared.  Nor did *Amadi* involve a proposed class.  *Id.*  The opinion simply granted individual plaintiffs' motion for damages against a defaulting defendant.  Similarly, *Duncan v. Sabal Palms I Associates, Ltd.* is not analogous.  89–3 Civ. FtM-10(A), 1990 WL 10600304 (M.D. Fla. June 7, 1990).  There, a Florida court reviewed a motion for class certification and default judgment against a defendant who had not appeared; the opinion does not mention or discuss the permissible scope of pre-certification discovery.  *Id. Andrew Martin v. Khaylie Hazel Yearning LLC* is far more similar to the instant case.  No. 22 Civ. 176 (SA) (JMV), 2022 WL 17573424, at *2–4 (N.D. Miss. Dec. 9, 2022).  There, a federal court in Mississippi held that a plaintiff bringing a TCPA putative class action against a defendant—against whom default judgment had been entered—was not entitled to discovery relating to the identity of the class members or to the amount of damages that each class member was entitled to recover, as such requests were "unnecessary" at the pre-certification stage.  *Id.*

Practices of this Court, no later than **April 28, 2023**.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 16.

It is SO ORDERED.

Dated:    April 14, 2023
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.